NICHOLAS J. BOOS (SBN 233399)
nboos@maynardnexsen.com
JAMES L. ELLISON (SBN 302372)
jellison@maynardnexsen.com
MAYNARD NEXSEN LLP
Two Embarcadero Center, Suite 1450
San Francisco, California 94111
Telephone:   (415) 646-4700
Facsimile:   (205) 254-1999

Attorneys for Defendant
WEST AMERICAN INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGHTEOUS HOLDINGS, LLC, a California Limited Liability Company,<br><br>                              Plaintiff,<br><br>          v.<br><br>WEST AMERICAN INSURANCE COMPANY, a stock company; and DOES 1-30, inclusive,<br><br>                              Defendants. | Case No.<br><br>[Removed from San Luis Obispo County Superior Court, Case No. 25CVP0306]<br><br>**DEFENDANT WEST AMERICAN INSURANCE COMPANY'S NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. sections 1332(a) and 1441, defendant West American Insurance Company ("West American" or "Defendant") hereby removes to the United States District Court for the Central District of California the state court action described below:

## STATE COURT FILINGS

1.      On or about August 8, 2025, plaintiff Righteous Holdings, LLC ("Plaintiff"), filed an action in the Superior Court for the State of California in and for the County of San Louis Obispo, case no. 25CVP0306, entitled *Righteous Holdings, LLC v. West American Insurance Company*.  True and correct copies of all documents filed in the Superior Court are attached as **Exhibit A** to the Declaration

---

of Nicholas J. Boos ("Boos Decl.") filed contemporaneously herewith.

2.    In the Complaint, Plaintiff allege that Defendants issued an insurance policy (the "Policy") which provided Building and Personal Property Coverage in connection with Plaintiff's business located in Paso Robles, California.  (Complaint ¶¶ 5-7.)  Plaintiff alleges that, on or about January 15, 2025, forklift stuck a wine tank at their facility, causing a large spill of wine and preventing Plaintiff from fulfilling purchase orders totaling over $260,000 (the "Loss").  (Complaint ¶ 6.)

3.    Plaintiff alleges that it filed a claim for the Loss (the "Claim"). (Complaint ¶ 6.)  Plaintiff further alleges that West American improperly valued the Loss, resulting in a substantial underpayment of the Claim.  (Complaint ¶ 7.)  Plaintiff alleges that West American breached the Policy by failing to pay all benefits owed under the Policy.  (Complaint ¶¶ 7-8.)  Plaintiff asserts causes of action against West American for Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing.  (Complaint ¶¶ 10-20.)

4.    Plaintiff served West American with a copy of the summons, complaint, civil cover sheet, and case management information and setting form on August 20, 2025.  (Boos Decl. at ¶3, **Exhibit B**).

5.    Exhibits A through B constitute all the process, pleadings, and orders from the state court action.

## DIVERSITY JURISDICTION

A.    <u>Citizenship</u>

6.    Federal courts have jurisdiction over controversies between "citizens of different states" pursuant to 28 U.S.C. section 1332(a)(1) and Article III, Section 2, of the United States Constitution.  *Navarro Sav. Ass'n. v. Lee,* 446 U.S. 458, 460- 61 (1980).   The determination of citizenship for diversity purposes is governed by federal rather than state law.  *See, Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group,* 823 F.2d 302, 304 (9th Cir. 1987); overruled on other grounds, *Partington v. Gedan,* 923 F.2d 686 (9th Cir. 1991).

7.     In determining whether diversity of citizenship exists, only the named defendants are considered.  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998).  The citizenship of defendants sued under fictitious names, such as "Doe" defendants, is disregarded for diversity jurisdiction purposes.  28 U.S.C. § 1441(a); *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).  For diversity purposes, a corporation may have dual citizenship (i.e., "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.") (28 U.S.C. § 1332(c)(1).)

8.     This Court has original jurisdiction over this civil action under 28 U.S.C. section 1332 because there is complete diversity between Plaintiff and Defendant, the only named parties to this action, under the meaning of section 1332.

9.     Plaintiff is a citizen of California. (Complaint ¶ 1.)

10.     West American is, and at all times relevant to the complaint was, an Indiana corporation with its principal place of business in Massachusetts.  West American is a citizen of the states of Indiana and Massachusetts.  (Complaint ¶ 2.)

11.     Because Plaintiff is not a citizen of a state of which West American is a citizen, complete diversity is met.

12.     Although the complaint names "DOES 1-30" as defendants in this action, the citizenship of fictitiously named defendants is disregarded for removal purposes. 28 U.S.C. § 1441(b)(1); *Soliman*, *supra*, 311 F.3d at 971.

**B.    Amount in Controversy**

13.     This Court also has jurisdiction over this action under 28 U.S.C. section 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs. "The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action." *Meisel v. Allstate Indem. Co.*, 357 F.Supp.2d 1222, 1225 (E.D. Cal. 2005) (quotations omitted).  Generally, the "amount in controversy is determined from the face of the pleadings" and the "sum claimed by the plaintiff controls so long as the claim is made

DEFENDANT'S NOTICE OF REMOVAL

in good faith." *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000).

14.     West American denies Plaintiff's allegations and denies that Plaintiff is entitled to any relief.  But in evaluating whether diversity jurisdiction exists, the relevant inquiry is the amount "in controversy"—not Plaintiff's likelihood of success on the merits. *See, e.g.*, *Cain v. Hartford Life & Acc. Ins.*, 890 F.Supp.2d 1246, 1249 (C.D. Cal. 2012) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." (citation omitted)).

15.     The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.  For their Breach of Contract claim alone, Plaintiff seeks "policy benefits due and consequential lost profits, which are not less than $300,000." (Complaint, ¶ 15.)  Plaintiff also asserts that it is punitive damages and attorney's fees.  (Complaint, p. 5:11-18.)

16.     Thus, this action may be removed to this Court pursuant to 28 U.S.C. sections 1332, 1441 and 1446 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff and West American.

**C.     <u>Notice of Removal is Timely</u>**

17.     Under 28 U.S.C. § 1446(b), a defendant has thirty days to file a notice of removal following service of an initial pleading from which removability can be ascertained.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

18.     Additionally, absent acts of bad faith intended to prevent a defendant from removing, there is a one-year outside limit from commencement for any or all of the defendants to remove an action on diversity grounds.  28 U.S.C. § 1446(c)(1).

19.     Here, Plaintiff filed the Complaint on August 8, 2025.  The thirty-day removal period was triggered by service of Plaintiff's Complaint on West American on August 20, 2025.  This notice of removal is filed within 30 days of that date.

20.     Thus, this action may be removed to this Court by West American pursuant to 28 U.S.C. sections 1332, 1441, and 1446 because the amount in controversy exceeds $75,000 and there is complete diversity between Plaintiff and West American.

WHEREFORE, Defendant further give notice that the above-described action, now pending in the Superior Court for the State of California, County of San Louis Obispo, has been removed therefrom to this Court on the ground of diversity of citizenship. A copy of this Notice of Removal shall be contemporaneously filed in the office of the clerk for the Superior Court of San Louis Obispo.

Dated:  September 19, 2025                MAYNARD NEXSEN LLP


                                          By:   NICHOLAS J. BOOS
                                                JAMES L. ELLISON
                                                Attorneys for Defendant
                                                WEST AMERICAN INSURANCE
                                                COMPANY

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
COUNTY OF SAN FRANCISCO     )

       I am employed in the County of San Francisco, State of California.  I am over the age of 21 and am not a party to the within action.  My business address is Maynard Nexsen LLP, 201 California Street Suite 400, San Francisco, California 94111. On the date indicated below, I served the foregoing document described as:

**DEFENDANT WEST AMERICAN INSURANCE COMPANY'S
NOTICE OF REMOVAL**

on the interested parties in this action by placing: [ ] the original document - OR- [X] a true and correct copy thereof to the persons below at the email addresses below:

Jason R. Bendel (SBN 212774)
BENDEL LAW GROUP
11400 West Olympic Boulevard, Suite 200
Los Angeles, CA 90064 Telephone: (310) 362-6110
Facsimile: (310) 317-7855
Email: jbendel@bendellaw.com

Attorney for Plaintiff Righteous Holdings, LLC

**[X]**   **BY MAIL:** I caused such envelope(s) to be deposited in the mail at San Francisco, California. The envelope(s) was (were) mailed with postage fully prepaid. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on the same day in the ordinary course of business.

**[X]**   **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the documents to be sent from email address sroberson@maynardnexsen.com to the persons at the e-mail addresses listed above.

       I declare that I am employed in the office of a member who has been admitted to the bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

       Executed on September 19, 2025 in San Francisco, California.

Sam Roberson

DEFENDANT'S NOTICE OF REMOVAL